IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11221
_____

RAY MASON

Plaintiff - Appellant

v

DURHAM TRANSPORTATION INC.

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-267-C
--------------------
July 10, 2001

Before KING, Chief Judge, BARKSDALE, Circuit Judge, and NOWLIN,*
District Judge.

PER CURIAM:**

Plaintiff-Appellant Ray Mason appeals the district court's
judgment in favor of his former employer, Defendant-Appellee
Durham Transportation, Inc. ("Durham").  Mason asserted
employment discrimination under the Americans with Disabilities
Act ("ADA"), 42 U.S.C. §§ 12101-12213, and retaliatory discharge
under Title VII, 42 U.S.C. § 2000(e) et seq.  Mason also appeals
from a post-judgment order awarding Durham its attorneys fees as
a part of the costs.

_____

    *    Chief Judge of the Western District of Texas, sitting by
designation.

    **    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The summary judgment evidence clearly demonstrates that Mason was not "qualified," as that term is defined under the ADA, to perform his job in view of the facts that the job required him to operate commercial motor vehicles (i.e., school buses), that Texas law requires an operator of a commercial motor vehicle to hold a valid commercial driver's license, and that Mason could not obtain a valid commercial driver's license because of his visual impairment at the time he was terminated. Because Mason was not qualified for the job, he did not meet his initial burden of establishing a prima facie case of disability-based discrimination. We need not and do not address any other aspect of this discrimination case. We are not persuaded, however, that Mason's case was so lacking in merit as to be groundless.

The judgment entered September 20, 2000 is AFFIRMED. The Order on Motion to Tax Attorney Fees as Costs is VACATED. Each party shall bear its own costs.

Judge Barksdale would affirm the Order on Motion to Tax Attorney Fees as Costs.